UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBECCA TRESSLER,

          Plaintiff,

          v.

NATIONAL RAILROAD PASSENGER
CORPORATION,

          Defendant.

Civil Action No. 09-cv-02027 (RLW)

**MEMORANDUM OPINION**

Before the Court is Defendant National Railroad Passenger Corporation's motion to dismiss claims V –VIII of the Amended Complaint. For the reasons stated below, Defendant's motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Rebecca Tressler's original complaint in this case was filed on October 28, 2009. Plaintiff alleged three counts: (1) creation of a hostile work environment in violation of Title VII of the Civil Rights Act ("Title VII") and the District of Columbia Human Rights Act ("DCHRA") (from January 13, 2006 to present); (2) retaliation in violation of Title VII and the DCHRA; and (3) creation of a hostile work environment in violation of the DCHRA (from March 15, 2008 to present). On October 29, 2010, Plaintiff filed its Amended Complaint adding claims for constructive demotion, violation of the Federal Employers' Liability Act ("FELA"), and defamation.

Plaintiff is employed with Defendant as a railroad engineer on the Virginia Railway Express ("VRE"). Am. Compl. ¶ 9. Plaintiff has alleged that from January to June of 2006, a male passenger on the VRE train stalked her and behaved inappropriately by touching her, obstructing her way when she left the operator's compartment, and taking pictures of her while she operated the train. Id. ¶ 11.[1] When Plaintiff changed her positioning in her seat to block the passenger's view while she operated the train, she began to experience back pain, headaches, and numbness. Id. ¶ 12. Plaintiff raised the stalking issue with her employer in April of that year. According to Plaintiff, however, Defendant did little to respond to her complaints. Id. ¶¶ 14-15.

In the fall of 2006, Plaintiff was suspended for exceeding the maximum speed authorized by a temporary dispatcher bulletin. She also lost the use of her rail pass—an unusual punishment for this offense. Id. ¶ 24. When Plaintiff returned to work from her suspension in January 2007, she took a lower-paying position as a yard engineer to avoid further harassment and retaliation from her supervisors at the VRE. Id. ¶ 26. That same month, Plaintiff claims that Defendant's employees spread false rumors concerning her health and mental stability. Id. ¶ 27.

On March 14, 2008, while Plaintiff was driving the train, a male coworker gave Plaintiff an unsolicited neck rub, exposed his genitals, and then grabbed her hand and forced her to touch his genitals. Id. ¶ 31. At some time after this incident, sexually graphic and derogatory graffiti about Plaintiff and women in general began to appear in the engines plaintiff was scheduled to operate. Id. ¶ 32. According to Plaintiff, Defendant did not take any reasonable steps to investigate this incident. Id.

---

[1] At this stage, the Court takes all of Plaintiff's well-pleaded allegations as true. Warren v. Dist. of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004).

Defendant filed its motion to dismiss counts V –VIII of Plaintiff's Amended Complaint on November 12, 2010, arguing that Plaintiff's Amended Complaint fails to state a claim for which any relief can be granted.

## II. LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, acceptable as true, to state a claim to relief that is plausible on its face." Anderson v. Holder, 691 F.Supp.2d 57, 61 (D.D.C. 2010) (brackets omitted) (quoting Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotes omitted).

A court considering a Rule 12(b)(6) motion must construe the complaint in the light most favorable to plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F.Supp. 914, 915 (D.D.C. 1994). However, where the well-pleaded facts do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. Iqbal, 129 S. Ct. at 1950.

In evaluating a Rule 12(b)(6) motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [a court] may take judicial notice." Trudeau v. FTC, 456 F.3d 178, 183 (D.C. Cir. 2006) (quoting EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

## III. DISCUSSION

### Plaintiff's Constructive Demotion Claims (Counts V & VI)

Defendant posits three main arguments to support its contention that Counts V and VI should be dismissed. First, Defendant argues Plaintiff has improperly pled a heretofore unrecognized cause of action for "constructive demotion" under Title VII and the DCHRA. Def.'s Reply in Supp. of Mot. to Dismiss 2-3. In its Opposition Brief, Plaintiff argues that Counts V and VI set forth disparate treatment gender discrimination claims where the alleged adverse employment action is a constructive demotion.[2] Plt.'s Opp'n to Mot. to Dismiss 5-6. The Court construes Counts V and VI to be based on a disparate treatment theory. See Hawkins v. Holder, 597 F.Supp.2d 4, 18-19 n.8 (D.D.C. 2009) (construing "constructive demotion" allegations as disparate-treatment racial discrimination claims).

Second, Defendant argues that Counts V and VI cannot stand as individual claims, and are more appropriately analyzed within her other unlawful discrimination claims. Def.'s Mot. to Dismiss 4-5. This is not the law. Plaintiff's disparate treatment claims are separate and distinct from the hostile work environment claims Plaintiff alleges in Counts I and II of its Amended Complaint. See Lester v. Natsios, 290 F.Supp.2d 11, 33 (D.D.C. 2003) (recognizing that discrete acts of discrimination "are different in kind from a hostile work environment claim that must be based on severe and pervasive discriminatory intimidation or insult"). There is also nothing to suggest that Plaintiff's discrimination claims should be combined with her retaliation claims in

---

[2] Although Defendant does not concede that Plaintiff suffered a constructive demotion, or any other adverse employment action, Defendant does recognize that a constructive demotion may be an adverse action for purposes of establishing a *prima facie* case of discrimination. Def.'s Reply in Supp. of Mot. to Dismiss 3.

Counts III and IV.  See Simmons v. Cox, 495 F.Supp.2d 57, 63-66 (D.D.C. 2007) (distinguishing between the elements required to prevail on gender discrimination claims and retaliation claims).

Third, Defendant argues that Plaintiff has failed to provide sufficient facts to support her discrimination claims.  Counts V and VI of Plaintiff's Amended Complaint allege discrimination in violation of Title VII and the DCHRA.  Because DCHRA and Title VII discrimination claims are analyzed under the same legal standard, the following applies to both Counts V and VI of Plaintiff's Amended Complaint.  See, e.g., Elhusseini v. Compass group USA, Inc., 578 F.Supp.2d 6, 10 n. 4 (D.D.C. 2008) (collecting cases).  Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).

To succeed on a Title VII discrimination claim, a plaintiff has the initial burden of establishing a prima facie case of discrimination by showing that "(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination."  Wiley v. Glassman, 511 F.3d 151, 155 (D.C. Cir. 2007).  To survive a motion to dismiss, however, a Title VII plaintiff need not plead each element of his prima facie case, but "must allege facts that, if true, would establish the elements of each claim" of his complaint.  Robinson-Reeder v. American Council on Educ., 532 F.Supp.2d 6, 14 (D.D.C. 2008) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S.Ct. 992 (2002)).  Therefore, "the Court may explore the plaintiff's prima facie case at the dismissal stage to determine whether the plaintiff can ever meet his initial burden to establish a prima facie case for Title VII discrimination." Rattigan v. Gonzales, 503 F.Supp.2d 56, 72 (D.D.C. 2007) (citation omitted).

It is undisputed that Plaintiff, as a woman, is a member of a protected class. Plaintiff has alleged that she has suffered an adverse employment action in the form of a constructive demotion. Because the Amended Complaint alleges that Plaintiff took a position as a yard engineer for lower pay rather than face continued harassment, was removed from regular assignment and placed on the "extra" list, and was denied pay for two months, the Court finds that Plaintiff's alleged reassignment constituted an adverse employment action and that the circumstances alleged give rise to an inference of discrimination. See Forkkio v. Powell, 306 F.3d 1127, 1131 (D.C. Cir. 2002) (recognizing that "reassignment with significantly different responsibilities . . . generally indicates an adverse action"). Accordingly, Plaintiff has set forth sufficient facts to survive Defendant's motion to dismiss as to Counts V and VI of the Amended Complaint.

### Plaintiff's Claim for Violation of FELA (Count VII)

A FELA plaintiff may recover damages for work-related injuries "resulting in whole or in part" from the negligence of the railroad's agents or from "any defect or insufficiency" in the railroad's equipment due to its negligence. 45 U.S.C. § 51; see Keranen v. Nat'l R.R. Passenger Corp., 743 A.2d 703, 711-12 (D.C. 2000). Although a FELA plaintiff is required to prove a failure on the part of the railroad to use reasonable care under the circumstances, "a relaxed standard of causation applies under FELA." Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 543, 114 S.Ct. 2396, 2404 (1994). A plaintiff may prevail on a FELA claim if the railroad's negligence "played any part, even the slightest," in causing the plaintiff's injury. Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448 (1957).

Defendant argues that the FELA is preempted by Title VII, relying primarily on Griggs v. National R.R. Passenger Corp., Inc., 900 F.2d 74 (6th Cir. 1990). Griggs, however, is

6

inapposite. The Plaintiff in Griggs made no allegations of physical harassment, and only alleged racial and sexual harassment as a basis for the discrimination claim she pursued under the FELA. The Plaintiff in the present case has alleged numerous physical injuries as a basis for her FELA claim. Specifically, Plaintiff has alleged injuries to her neck, back and ankle. Am. Compl. ¶¶ 75-76. Additionally, Plaintiff has alleged physical manifestations of the stress caused by the hostile work environment caused by Defendant, including back pain, headaches, numbness, and ongoing injury to her ankle. Id. ¶ 77. As such, Plaintiff's FELA claims are not preempted by Title VII.[3]

In light of the fact that Plaintiff has alleged physical injuries that may have resulted from Defendant's negligence, Plaintiff has stated a cause of action under the FELA. Defendant's motion to dismiss Count VII of the Amended Complaint is denied.

### Plaintiff's Defamation Claim (Count VIII)

Plaintiff's eighth count alleges that Defendant and its agents maliciously made derogatory statements about her in the workplace. Am. Compl. ¶ 80. Plaintiff alleges three discrete incidents of defamation. Plaintiff claims that Defendant and its agents: (1) falsely claimed that she was in a mental hospital for observation; (2) made comments regarding her training record; and (3) caused numerous instances of offensive and harmful statements to be written about her in graffiti on Defendant's trains. None of these allegations provide sufficient specificity to state a claim for defamation.

Although there is no heightened pleading standard for defamation in the District of Columbia, allegations of defamation must be pled with sufficient particularity to provide the

---

[3] Defendant also argues that even if Plaintiff's FELA claims are not preempted by Title VII, they should still be dismissed because she failed to demonstrate that she was in the zone of danger. The zone of danger analysis is used to determine recovery for purely emotional injury. See Gottshall, 512 U.S. at 556. Because Plaintiff has alleged physical injuries as a basis for her FELA claims, the zone of danger analysis is inapplicable here.

7

opposing party with opportunity to prepare responsive pleadings.  Oparaugo v. Watts, 884 A.2d 63, 76-77 (D.C. 2005).  Plaintiff fails to state a claim of defamation because she does not plead "the time, place, content, speaker, and listener of the alleged defamatory matter."  Wiggins v. Dist. Cablevision, Inc., 853 F.Supp. 484, 494 (D.D.C. 1994).

Plaintiff's first allegation that defendant and its agents made statements "falsely claiming [P]laintiff was in a mental hospital for observation," (Am. Compl. ¶ 80) lacks sufficient specificity to state a claim for defamation.  Even if the court were to conclude that these statements regarding Plaintiff's mental condition are defamatory in nature, she has made no attempt to allege with any specificity the time, place, speaker, or listener of the defamatory statement.  Plaintiff's second and third defamation allegations fail for similar reasons.  Plaintiff's second and third allegations not only fail to allege the time, place, speaker, or listener of the defamatory statement, but, more importantly, fail to describe the content or substance of the supposed defamatory statements.  Because Plaintiff's allegations lack the specificity to state a claim for defamation, the defamation claim must be dismissed.

To the extent that any of Plaintiff's defamation claims are pled with sufficient specificity, Defendant correctly argues these claims are time-barred by the one-year statute of limitations.  See D.C. Code § 12-301(4); see also Wallace v. Skadden, Arps, Slate, Meagher & Flom, 715 A.2d 873, 882 (D.C. 1998) (recognizing one-year statute of limitations for defamation claim).  Plaintiff's defamation claim was first asserted in the Amended Complaint filed on October 29, 2010.  Even if Plaintiff is permitted to relate back to the date of her original pleading (October 28, 2009), her defamation claim is still untimely as she has not alleged a single defamatory act that occurred within one year of her original complaint.

To support her defamation claim, Plaintiff alleges that "sometime after March 14, 2008," sexually graphic and derogatory graffiti was placed in the engine she was scheduled to operate. (Am. Compl. ¶ 32).[4] Although Plaintiff claims that these defamatory actions continue through the present day, she has made no specific allegation of defamatory conduct that occurred after October 28, 2008. Accordingly, the Court finds that Plaintiff's defamation claim is time-barred and Defendant's motion to dismiss count VIII is granted.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss counts V – VIII of Plaintiff's Amended Complaint is GRANTED IN PART and DENIED IN PART. The Court DENIES Defendant's Motion to Dismiss as to Plaintiff's claims for gender discrimination in Counts V and VI, and Plaintiff's FELA claim in Count VII. The Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's defamation claim in Count VIII. An Order consistent with the Memorandum will be issued.

SO ORDERED.
Date: May 13, 2011

/s/
Robert L. Wilkins
United States District Judge

---

[4] Plaintiff also alleges that Amtrak employees spread false rumors about her mental stability in January 2007. These defamatory acts are well outside the limitations period and are, therefore, time-barred.

9